UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
WAYNE ANTHONY SHAND, *pro se*,       :
                                     :
                     Petitioner,     :
                                     :          **MEMORANDUM & ORDER**
            -against-                :          14-CV-1743 (DLI)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                     Respondent.     :
---------------------------------------------------------- X

**DORA L. IRIZARRY, Chief United States District Judge:**

On August 28, 2012, *pro se* petitioner Wayne Anthony Shand ("Petitioner") was convicted upon a plea of guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] On December 18, 2012, this Court sentenced Petitioner to 77 months of incarceration, followed by three (3) years of supervised release. Dec. 18, 2012[2] Sentencing Tr. at 13:7-9, Dkt. Entry No. 6-7 ("Dec. 18 Tr."). On January 13, 2014, the Second Circuit Court of Appeals affirmed the judgment of this Court. *See generally*, *United States v. Shand*, 739 F.3d 714 (2d Cir. 2014). Petitioner has not petitioned the United States Supreme Court for a *writ of certiorari*.

On March 17, 2014, Petitioner timely filed a motion to "vacate, set aside, or correct sentence," pursuant to 28 U.S.C. § 2255 ("Section 2255"). *See generally*, Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence, Dkt. Entry No. 1 ("Pet'r's Mot."). Petitioner contends that he received ineffective assistance of trial counsel because trial counsel failed to argue at sentencing

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Petitioner appeared before the Court twice for sentencing, first on December 5, 2012, and second on December 18, 2012.

that this Court was without discretion to deny the Government's motion for a four-point downward departure, under Section 5K3.1 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Pet'r's Mot. at 4-5; Gov't Mem. of Law in Opp'n to Pet. at 12, Dkt. Entry No. 6 ("Gov't Opp'n"). Petitioner also seems to argue that trial counsel promised Petitioner that Petitioner would qualify for the downward departure. Gov't Opp'n at 12. Petitioner requests that the Court hold an evidentiary hearing and assign him counsel on the motion. Pet'r's Mot. at 12.

For the reasons that follow, Petitioner's Section 2255 motion is denied in its entirety.

## BACKGROUND

Officers from the New York City Police Department ("NYPD") arrested Petitioner in Queens, New York, on May 6, 2011, and charged him with Possession of a Forged Instrument in the Second Degree, in violation of New York State Penal Law § 170.25. Gov't Opp'n at 4. When the officers ran a criminal history report for Petitioner, they discovered that he had been removed previously from the United States after being convicted of an aggravated felony in New York State. *Id*. A search of United States Immigration and Customs Enforcement records reflected that Petitioner neither had sought nor received permission to reenter the United States after being removed. *Id*. On September 8, 2011, a grand jury of this district returned an indictment on a single count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). *See* Indictment, No. 11-cr-627 (DLI), Dkt. Entry No. 7.

Petitioner pled guilty pursuant to a plea agreement to the sole count of the Indictment before the Honorable Roanne L. Mann, U.S.M.J., on July 13, 2012. *See* Gov't Opp'n at 4. Under the terms of the plea agreement, Petitioner consented to removal and waived any right to apply for relief or protection from removal. *Id.* The Government agreed to seek a four-level downward departure of Petitioner's total offense level under U.S.S.G. § 5K3.1, pursuant to the United States

Department of Justice's "fast-track" program for certain immigration offenses. *Id.* at 4-5. The plea agreement set forth an estimated offense level of 13 for Petitioner, which accounted for the four-level downward departure under the fast-track program, plus a three-level reduction if Petitioner demonstrated his acceptance of responsibility and pled guilty on or before July 13, 2012. *Id.* at 5. Premised on the parties' belief that Petitioner had a Criminal History Category ("CHC") of III, the resulting Sentence Guideline Range ("SGR") contained in the plea agreement was 18 to 24 months of imprisonment. *Id.*

Petitioner's guilty plea was accepted by this Court on August 28, 2012. Gov't Opp'n at 7. The Probation Department disclosed Petitioner's Presentence Report ("PSR") on September 27, 2012. *Id.* at 5. Probation determined that Defendant had a CHC of VI, rather than III. *Id.* The reason for the discrepancy between the plea agreement's CHC and that contained in the PSR was the Probation Department's discovery that Petitioner had reentered the United States illegally in or before 2004. *Id.* The Government had assumed that the illegal reentry occurred in 2011. *Id.* Because the offense commenced in 2004, or earlier, prior convictions that had been excluded previously from the calculation of Petitioner's CHC were now included, yielding a higher CHC. *Id.* at 6. Additionally, Probation calculated Petitioner's total offense level ("TOL") at 17, including the four-level downward departure that the Government had promised to seek under the fast-track program. *Id.* at 5. Without that departure, Probation calculated the TOL at 21. *Id.* With a CHC of VI, the former TOL would result in a SGR of imprisonment of 51 to 63 months. *Id.* The latter TOL would result in a SGR of 77 to 96 months. *Id.*

Petitioner first appeared for sentencing before this Court on December 5, 2012. *See generally*, Dec. 5, 2012 Sentencing Tr., Dkt. Entry No. 6-6 ("Dec. 5 Tr."). At the hearing, the Government sought the four-level downward departure set forth in the plea agreement. *See Id.* at

3

15:11-15.  The Court explained to both parties that, although the Government may move for such a departure, it ultimately is within the Court's discretion whether to grant the reduction.  *Id.* at 16:13-15.  The Court denied the Government's motion.  Dec. 5 Tr. at 25:22-23.  After the denial, the Court adjourned the hearing to give Petitioner the opportunity to consult with his attorney and decide whether he wished to withdraw his guilty plea in light of the Court's ruling.  *Id.* at 26:5-11.

The parties reconvened before the Court on December 18, 2012.  *See generally*, Dec. 18 Tr.  At the December 18 hearing, Petitioner stated that he did not want to withdraw his guilty plea, and was ready to go forward with sentencing.  *Id.* at 4:15-24.  Having denied the Government's downward departure motion, the Court sentenced Petitioner to the bottom of the Guideline range calculated by the Probation Department:  77 months in custody, followed by three (3) years of supervised release.  *Id.* at 13:3-10.

Petitioner timely appealed, arguing that the Court did not have discretion to deny the Government's motion for a four-level downward departure, and that his sentence was procedurally and substantively unreasonable.  *See* Gov't Opp'n at 9.  Petitioner did not raise an ineffective assistance of counsel claim on appeal.  The Second Circuit affirmed Petitioner's conviction and sentence on January 13, 2014, and held that "a district court may, *but need not*, depart downward upon an appropriate motion by the Government under U.S.S.G § 5K3.1." *Shand*, 739 F.3d at 715 (emphasis added).

Petitioner now argues that his trial counsel was constitutionally ineffective, and asks this Court to grant him an evidentiary hearing on this issue, and appoint him counsel.

# DISCUSSION

## I. Legal Standard

Under Section 2255, "a sentencing court may vacate, set aside or correct a conviction or sentence imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, No. 09-cv-4687 (SJ), 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984)). Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy." *Strickland*, 446 U.S. at 689 (internal quotation marks omitted). Courts must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted). "In the context of a guilty plea, in order to satisfy the 'prejudice' prong, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Velasquez v. Ercole*, 878 F. Supp.2d 387, 406 (E.D.N.Y. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Ineffective assistance of counsel claims "may

5

be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

Petitioner seeks an evidentiary hearing and the appointment of counsel to advance his claim. "The decision whether to hold an evidentiary hearing on a 2255 motion is generally left to the discretion of the district court." *Swerbilov v. United States*, No. 04-cv-3320 (DRH) (MLO), 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1997)). Where a court has familiarity with a case, it can rely on such familiarity in dismissing a petition without a hearing. *See Stokes v. United States*, No. 00-cv-1867 (SAS), 2001 WL 29997, at *2 (S.D.N.Y. Jan. 9, 2001) (citing *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990)); *See also Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2011) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) ("[A]lthough a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in district court for a full hearing") (internal quotation marks omitted). "The district court is permitted to expand the record to include affidavits or other written submissions in order to decide disputed facts." *Roberts v. United States*, No. 11-cv-4404 (SJF), 2014 WL 4199691, at *4 (E.D.N.Y. Aug. 22, 2014) (quoting *Kapelioujnyi v. United States*, 779 F. Supp.2d 250, 254 (E.D.N.Y. 2009) (citing *Chang*, 250 F.3d at 86)).

In addition, a habeas corpus petitioner does not have a constitutional right to representation by counsel during the habeas corpus proceeding. *See Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citing *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)). Rather, courts have the discretion to appoint counsel to represent a habeas petitioner "[w]henever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Moreover, when a petitioner's claims "may be fairly determined on written submissions, appointment of counsel

6

normally is not warranted." *Lawson v. Taylor*, No. 10-cv-0477 (JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011) (citing *Adams v. Greiner*, No. 97-cv-3180 (KMW), 1997 WL 266984, at *1 (S.D.N.Y. May 20, 1997)).

In deciding whether to appoint counsel for a habeas corpus petitioner, courts use the standard set forth by the Second Circuit for determining whether to appoint counsel to indigent civil litigants under 28 U.S.C. § 1915. *See Lawson*, 2011 WL 839509, at *1 (citation omitted). Accordingly, courts must first determine "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). When that threshold requirement is met, courts then consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues, or any other criteria that would lean in favor of appointing counsel." *Hogan v. Ercole*, No. 05-cv-5860 (RRM), 2011 WL 3882822, at *8 (E.D.N.Y. Sept. 2, 2011) (quoting *Hodge*, 802 F.2d at 61-62) (internal quotation marks omitted).

## II. Analysis

First, Petitioner contends that his counsel was constitutionally ineffective because he failed to argue at sentencing that the district court lacked discretion to deny the Government's motion for a four level downward departure. *See generally*, Pet'r's Mot. In opposition, the Government notes that, in affirming Petitioner's conviction and sentence, the Second Circuit held that the district court indeed had the discretion to deny the Government's departure motion. *See* Gov't Opp'n at 12.

Given the Second Circuit's holding, Petitioner cannot demonstrate either deficient counsel or prejudice. "Where the underlying issue complained of by petitioner is meritless, counsel's

failure to raise the issue does not fall outside the wide range of reasonable professional assistance nor is it reasonably likely that the result of the proceedings would have been different." *Lugo v. United States*, No. 09-cv-696 (NG), 2014 WL 7140456, at *7 (E.D.N.Y. Dec. 12, 2014) (citing *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) and *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). Thus, it was reasonable for counsel to decline to argue that the district court lacked discretion. In any event, Petitioner suffered no prejudice because his conviction and sentence were affirmed after the Second Circuit considered precisely that issue. *See Shand*, 739 F.3d at 714.

Second, Petitioner seems to argue that counsel "promised" Petitioner he would receive the four-level downward departure, and it was on this basis that Petitioner signed a plea agreement and pled guilty. *See generally*, Pet'r's Mot.; Gov't Opp'n at 12. Petitioner's counsel disputes this claim by a sworn declaration. *See* Aff. of Former Counsel Avrom Robin ¶¶ 14-15, Dkt. Entry No. 9 ("Robin Aff."). In addition, even if Petitioner did receive such advice from counsel, counsel would not have been unreasonable to give it. *See Donato v. United States*, No. 09-cv-5617 (NGG), 2012 WL 4328368, at *5 (E.D.N.Y. Sept. 20, 2012) ("[A] predictive error – a mistaken prediction about the sentence to be imposed – does not rise to the level of ineffective assistance of counsel.") (internal quotation marks omitted). Notably, Petitioner cannot have suffered prejudice from any such advice, because the Court made clear to Petitioner that he would not receive the downward departure and gave him ample opportunity to withdraw his guilty plea. *See* Dec. 5 Tr. 25:22-23, 26:5-11. Petitioner chose not to withdraw his plea, and to go forward with sentencing. *See* Dec. 18 Tr. at 4:15-24. Accordingly, Petitioner's claims of ineffective assistance of counsel are denied.

Petitioner requests that the Court hold an evidentiary hearing regarding his ineffective assistance of counsel claim. Pet'r's Mot. at 12. As the above analysis indicates, it is abundantly clear that the record is sufficient to decide Petitioner's motion without an evidentiary hearing. The

Second Circuit's opinion in Petitioner's direct appeal explicitly affirmed this Court's discretion to decide the downward departure motion, which fully addresses both whether counsel was reasonable and whether Petitioner suffered prejudice. *See generally*, *Shand*, 739 F.3d at 714-15. In addition, a sworn declaration from trial counsel and the two sentencing transcripts provide a detailed record of exactly what information Petitioner had before he affirmed his guilty plea. *See generally*, Dec. 5 Tr.; Dec. 18 Tr. Given the Court's familiarity with the case and the ample evidence in the record, the Court finds that an evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required. *See Chang*, 250 F.3d at 86.

Petitioner also requests the appointment of counsel. Here, the Court's analysis of Petitioner's ineffective assistance of counsel claims demonstrates that Petitioner's motion may be determined fairly on the written submissions. In addition, the Court's analysis shows that Petitioner's position is not "of substance." That threshold question having been not met, Petitioner's request for the Court to appoint counsel is denied.

[Page Intentionally Left Blank]

## CONCLUSION

For the reasons set forth above, Petitioner's Section 2255 motion is denied in its entirety, as he was neither denied effective assistance of counsel nor is it necessary to appoint counsel or hold an evidentiary hearing. Petitioner further is denied a certificate of appealability, as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge